# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEMOND HILL, :

        Plaintiff,

Case No. 3:08-cv-195

-vs-

Magistrate Judge Michael R. Merz

AIRTRAN AIRWAYS, INC.,

        Defendant. :

## DECISION AND ENTRY

This case is before the Court on Plaintiff's Objections to the Magistrate's 6.19.09 Decision and Order, (Doc. 36), which the Court is treating as a motion to amend the judgment under Fed. R. Civ. P. 59(e). (Doc. 37). Defendant has opposed the Motion and the time within which Plaintiff could have filed a reply memorandum in support has expired.

A motion under Fed. R. Civ. P. Rule 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

> The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations. The ten-day limit of Rule 59(e) ... applies to an inherent power that a district court has even prior to the entry of judgment. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). That power is "distinct from the

> power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered." *Id*. Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.*, 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)), it is not a collateral action. Conversely, a Rule 60(b) motion filed more than ten days after entry of final judgment does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS,* 514 U.S. 386, 401, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

*Howard v. United States*, 533 F.3d 472, 474-75 (6th Cir.2008)

On June 19, 2009, this Court issued a Decision and Order granting Defendant AirTran Airways, Inc.'s ("AirTran") Motion for Summary Judgment. (Doc. 34). The Clerk subsequently entered judgment in favor of AirTran and against Plaintiff Demond Hill ("Mr. Hill") dismissing Mr. Hill's Complaint with Prejudice. (Doc. 35).

In granting AirTrans' Motion for Summary Judgment, this Court found that Mr. Hill had failed to establish a *prima facie* cases of race discrimination and of retaliation pursuant to 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). The Court also found that Mr. Hill failed to establish Ohio state law claims for wrongful discharge, intentional infliction of emotional distress, and punitive damages. *Id.* Specifically, the Court found that with respect to his claim of race discrimination, Mr. Hill had failed to establish that he was treated differently than a similarly situated non-protected employee or that he was replaced by someone outside the protected class. As to Mr. Hill's retaliation claim, the Court determined that Mr. Hill failed to establish that the termination of his employment was the result of his complaints about discrimination. The Court also found that with

respect to his state law claims, Mr. Hill had failed to satisfy the "causation" element of a claim for wrongful discharge as well as the "outrageous and extreme conduct" and "serious emotional distress" elements for a claim of intentional infliction of emotional distress. Finally, in view of Mr. Hill's failure to establish any of his claims, the Court found that his claim for punitive damages failed.

In his present Motion, Mr. Hill argues that the Court erred in granting AirTrans' Motion for Summary Judgment because there are genuine issues of material fact as to whether: (1) his complaints of racial harassment and discrimination were causally connected to his termination; (2) the reason for his termination was pretextual; (3) he was treated differently than a similarly-situated white co-worker; and (4) his termination violated Ohio public policy. Mr. Hill also argues that the Court erred with respect to his intentional infliction of emotional distress claim because a jury could conclude that AirTrans' actions were outrageous and extreme and beyond all bounds of decency. Finally, Mr. Hill alleges that there is a genuine issue of material fact as to whether he is entitled to punitive damages.

First, the Court notes that in his present Motion, Mr. Hill has completely failed to establish that the Court applied the incorrect legal standard to any of his claims (Rule 59(e)'s "manifest error of law" element). Indeed, throughout his arguments in support of his Motion, Mr. Hill essentially relies on the same authority upon which the Court relied in its June 19, 2009, Order. Second, Mr. Hill's arguments are essentially that the Court failed to find that there were genuine issues of material fact as to his claims and he relies on the same facts which he presented in opposition to AirTrans' Motion for Summary Judgment (Rule 59(e)'s "newly discovered evidence" element). The Court will apply these elements to each of Mr. Hill's claims.

3

Mr. Hill alleges that there is a genuine issue of material fact as to whether he was treated differently than a similarly situated white male. However, in its June 19, 2009, Decision, this Court determined that Henry Chaffin and Brandon Fenton, the co-workers with which Mr. Hill attempts to compare himself had different disciplinary histories and therefore were not similarly situated. (Doc. 34 at 14). Mr. Hill does not take issue with the Court's application of the "similarly situated" legal standard of *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir. 1992), nor has he challenged the Court's conclusion that both Mr. Chaffin and Mr. Fenton had different disciplinary histories. Mr. Hill has not come forward with any newly discovered evidence which puts the Court's finding in question.

As to his claim of discriminatory termination, again Mr. Hill has not challenged the Court's application of *DiCarlo v. Potter,* 358 F.3d 408, 414 (6th Cir. 2004), nor has he challenged the Court's previous finding that he failed to establish that he was replaced by a person outside the protected class. In fact, although Mr. Hill identifies this as an alleged error, he does not seem to present any argument on this claimed error. *See,* Doc. 36 at 6-7.

Mr. Hill argues at length that AirTrans' stated reason for terminating his employment, that is, essentially his long history of disruptive conduct in the workplace, was a pretext for discrimination. However, as this Court noted in its June 19, 2009, Decision because Mr. Hill failed to establish a *prima facie* case of discriminatory termination, the Court need not reach the question of pretext.

As to his claim for retaliation, Mr. Hill argues that the Court erred by failing to recognize the causal element of his retaliation claim because the decision maker, Linda Hughes, allegedly demonstrated a retaliatory state of mind. In support, Mr. Hill points to the deposition

4

testimony of co-workers Aaron Neely and Tim Thornton as well as Ms. Hughes' deposition. Interestingly, Mr. Hill admits that, "there is evidence that the decision maker terminated Plaintiff because of work performance and co-worker issues." (Doc. 36 at 4). Again, however, Mr. Hill does not cHillenge the Court's application of *Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir. 2000), *E.E.O.C. v. Avery Dennison Corp.,* 104 F.3d 858 at 861 (6th Cir. 1997), or *Jackson v. RKO Bottlers,* 743 F.2d 370, 377 (6th Cir. 1984). Further, as noted, Mr. Hill relies on deposition testimony that was a part of the record at the time the Court issued its Decision and he has come forward with no new evidence which would support his claim.

At this juncture, the Court notes that Mr. Hill has argued that in addition to there being evidence that the decision maker terminated him because of work performance and co-worker issues, he also argues that "there is also evidence that [the decision maker] acted in retaliation when making the decision to fire [him]". To the extent that Mr. Hill is now asserting a "mixed motive" claim, that attempt must fail. The Sixth Circuit has made it clear that a Rule 59(e) Motion is not the time to assert new legal arguments. *Engler, supra.* At no time before now has Mr. Hill suggested that this is a "mixed motive" case.

As to his state law claim for wrongful discharge, Mr. Hill essentially repeats the arguments he made in opposition to AirTrans' Motion for Summary Judgment as well as the ones he has made in support of his racial discrimination claims, *supra*. For the reasons stated above, Mr. Hill's Rule 59(e) Motion as to his wrongful discharge claim fails.

With respect to his intentional infliction of emotional distress claim, Mr. Hill simply alleges that "a reasonable jury could conclude that AirTrans' actions were outrageous and extreme and beyond all possible bounds of decency." Mr. Hill does not challenge the Court's application

5

of *Yeager v. Local Union 20, Teamsters,* 6 Ohio St.3d 369, 374 (1983), *abrogated by, Welling v. Weinfeld,* 113 Ohio St. 3d 464 (2007),[1] nor has he come forward with any newly discovered evidence which would establish that AirTrans' actions were outrageous and extreme and beyond all possible bounds of decency. In addition, Mr. Hill presents no argument with respect to the Court's conclusion that he failed to establish that he suffered serious emotional distress.

Mr. Hill's final challenge to the Court's June 19, 2009, Decision raises the same arguments that he raised in opposing AirTrans' Motion for Summary Judgment. Simply stated, Mr. Hill claims that he is entitled to an award of punitive damages if he can show the presence of actual malice or evil motive on the part of AirTrans. While Mr. Hill has correctly stated the law with respect to an award of punitive damages, he has failed to establish that he is entitled to relief under Rule 59(e) with respect to his substantive claims which underlie his claim for punitive damages. Accordingly, his punitive damages arguments fail.

Plaintiff's Objections to the Magistrate's 6.19.09 Decision and Order, (Doc. 36), which this Court has treated as a motion to amend the judgment under Fed. R. Civ. P. 59(e), is denied.

August 27, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

J:\Documents\Hill v. AirTran R59 D&O.wpd

---

[1] Although *Yeager* has been abrogated by *Welling*, the proposition for which the Court cites *Yeager* herein was not disturbed by *Welling*.